UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JASMINE FALCON, an individual,

      Plaintiff,

vs.

SEMPER LASER HOLDINGS LLC HALLANDALE,
a Delaware Limited Liability Company,

      Defendant.

_____/

## **COMPLAINT**

1.      Plaintiff, JASMINE FALCON (referred to as "Plaintiff" and "FALCON"), was an employee of Defendant, SEMPER LASER HOLDINGS LLC HALLANDALE, and brings this action against Defendant for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 (the "ADAAA").

2.      At all times material to this Complaint, FALCON was an individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.      Defendant, SEMPER LASER HOLDINGS LLC HALLANDALE (referred to as "Defendant" and "SEMPER LASER"), a Delaware Limited Liability Company, has at all times material to this Complaint been a laser hair removal business with multiple store locations that has been owned and operated through common management and ownership including Defendant's Owner/Manager, Marcos de Araujo Peixoto, all doing business "SEMPER LASER," including but not necessarily limited to store locations at (i) 801 N. Federal Highway #216, Hallandale Beach,

Florida, 33009 in Broward County, within the jurisdiction of this Court, as well as at (ii) 5740 Sunset Drive, Miami, Florida 33143; (iii) 10570 Pines Boulevard, Suite A102, Pembroke Pines, Florida 33026; (iv) 348 Esplanade Unit 56A, Boca Raton, Florida 33432; (v) 8300 NW 36th Street, Unit 111, Doral, Florida 33166; (vi) 8081 Turkey Lake Road, Suite 550, Orlando, Florida 32819; (vii) 12675 Beach Boulevard, Suite 300, Jacksonville, Florida 32246; and (viii) 4650 Donald Ross Road, Suite 114, Palm Beach Gardens, Florida 33418.

4.      Jurisdiction is conferred on this Court by  28 U.S.C. §1332 & §1337 and 29 U.S.C. §12101.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events, or a substantial part of the events, giving rise to this action, occurred in Broward County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

6.      At all times material to this action, FALCON was an "employee" of SEMPER LASER within the meaning of the ADAAA, 42 U.S.C. §12111(4),

7.      At all times material to this action, SEMPER LASER was an "employer" of FALCON within the meaning of the ADAAA, 42 U.S.C. §12111(5), because SEMPER LASER was a business engaged in interstate commerce and had Fifteen (15) or more employees in each of Twenty (20) or more calendar weeks in the current or preceding year.

8.      In December 2019, SEMPER LASER hired FALCON as a Store Manager at 801 N. Federal Highway #216, Hallandale Beach, Florida, 33009 based upon an annual salary of approximately $50,000.00 per year.

9.      At all times material to this action, FALCON was an individual with one or more chronic medical conditions, including but not necessarily limited to cysts on Plaintiff's ovaries

which affected, *inter alia*, Plaintiff's ovaries, vulva, and reproductive systems, and which cyst(s) caused severe pain and other limitations throughout the course of FALCON's employment with SEMPER LASER between approximately December 2019 and July 2020.

10.     Between December 2019 and mid-February 2020, FALCON satisfactorily performed her duties as a Store Manger for SEMPER LASER.

11.     On or around February 14, 2020, FALCON experienced a medical emergency while at work at SEMPER LASER because of Plaintiff's chronic cysts condition.

12.     As a result of FALCON's medical emergency in mid-February 2020, FALCON promptly spoke with her immediate supervisor at SEMPER LASER, Joselyn Sarduy, on or around February 14, 2020 about Plaintiff's medical emergency and Plaintiff requested and obtained permission from Defendant to leave work because of FALCON's medical condition in order to visit Plaintiff's gynecologist—following which appointment Plaintiff returned to work after being out of the store for approximately two (2) hours.

13.     Notably, in mid-February 2020, SEMPER LASER's ownership and management, including but not necessarily limited to Marcos de Araujo Peixoto, Joselyn Sarduy, and Stella Queen—one of SEMPER LASER's Owners/Managers—were already aware that FALCON suffered from a chronic cysts condition based upon direct communication with Plaintiff about her cysts condition.

14.     Between mid-February 2020 and early July 2020, FALCON satisfactorily performed her duties as a Store Manger for SEMPER LASER.

15.     On or around July 3, 2020, after working at SEMPER LASER for approximately eight (8) hours, FALCON began experiencing severe pain as a result of Plaintiff's chronic cysts

condition, and as a result of FALCON's worsening medical condition, Plaintiff notified Sarduy and Queen that Plaintiff had to leave work early because of the pain from her cysts condition.

16.     Significantly, Sarduy and Queen gain confirmed to FALCON on July 3, 2020 permission for Plaintiff to leave work early because of FALCON's medical condition, in addition to which Plaintiff asked Queen for any recommendations—because Plaintiff knew that Queen was a doctor in Brazil—about ameliorating the problems Plaintiff was experiencing due to Plaintiff's chronic cysts condition and a cyst having become larger over the course of the past several months.

17.     In response, Queen replied to FALCON on July 3, 2020 that Queen could not prescribe medication to Plaintiff, but Queen recommended that FALCON visit Plaintiff's primary care provider doctor or her obstetrician-gynecologist (OBGYN), which Plaintiff advised Queen she was scheduled for an appointment with Plaintiff's gynecologist on Monday, July 6, 2020.

18.     On July 6, 2020, FALCON attended a doctor's appointment with Plaintiff's gynecologist, Dr. Ata Atogho from Metro Miami OBGYN Associates, and Plaintiff learned that she may need surgery for cyst(s) on her ovary.

19.     In the afternoon of July 6, 2020, FALCON notified Marcos de Araujo Peixoto, one of SEMPER LASER's Owners/Managers: (i) Plaintiff had attended a doctor's appointment with her gynecologist because of her chronic cysts condition; and (ii) Plaintiff may need to undergo surgery on because of her cysts condition.[1]  In response, de Araujo Peixoto asked FALCON on July 6, 2020 whether Plaintiff could return to work on July 7, 2020, which Plaintiff confirmed in the affirmative that she would be returning to work on July 7th.

---

[1] Subsequently, in August 2020, FALCON underwent a surgical procedure on her vulva because of a cyst and in November 2020, Plaintiff underwent emergency surgery because of a cyst on her left ovary.

20.     However, when FALCON reported to work at SEMPER LASER in the morning on July 7, 2020 and provided Marcos de Araujo Peixoto with a doctor's note for Plaintiff's absence from work on July 4, 2020 from Plaintiff's gynecologist, Dr. Ata Atogho, see Exhibit A, de Araujo Peixoto informed FALCON that her employment was being terminated because Plaintiff purportedly left and missed work without Defendant's permission.

21.     At all times material to this action, FALCON satisfactorily performed her essential job duties as a Store Manager for SEMPER LASER.

22.     At all times material to this action, FALCON suffered from a "physical impairment" within the meaning of the ADA, 29 C.F.R. §1630.2(h)(1), as a result of FALCON's chronic cysts condition her ovary and/or vulva and resulting medical issues which were ongoing between approximately February 2020 and July 2020, including but not limited to Plaintiff suffering from a physiological disorder or condition affecting one or more of FALCON's major bodily functions and/or body systems including but not necessarily limited to FALCON's ovaries, reproductive system, and/or vulva.

23.     SEMPER LASER intentionally discriminated against FALCON in July 2020 in violation of the ADA because of Plaintiff's disability and medical condition and Defendant subjected FALCON to unlawful disparate treatment and retaliation because of FALCON's chronic cysts condition and FALCON having exercised her rights under the ADA to seek treatment for Plaintiff's disability and notifying SEMPER LASER of the reasons for Plaintiff needing to leave work early and potentially undergo surgery for her cyst(s) by Defendant unlawfully terminating FALCON's employment in July 2020 based upon false and/or pretextual grounds because of Plaintiff's disability and/or in retaliation against Plaintiff in violation of the ADA.

24.     The reason(s) proffered by SEMPER LASER in July 2020 for terminating FALCON's employment were false and known to be false by Defendant at the time of Plaintiff's termination and instead were a pretext for disability discrimination and retaliation against FALCON in violation of the ADA.

## EXHAUSTION OF ADMINISTRATVIE REMEDIES

25.     On April 21, 2021, FALCON filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR) Charge No. 510-2021-02406 alleging that she had been subjected to disability discrimination and unlawfully terminated in violation of the Americans with Disabilities Act and the Florida Civil Rights Act.  A copy of FALCON's Charge of Discrimination is attached hereto as Exhibit B.

26.     On August 13, 2021, the EEOC issued a Dismissal and Notice of Suit Rights to FALCON in connection with Charge No. 510-2021-02406.  See Exhibit C.

27.     FALCON's Complaint in this action is being filed with the Court on September 27, 2021 within Ninety (90) days of FALCON's receipt of the EEOC's Dismissal and Notice of Suit Rights for Charge No. 510-2021-02406.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

Plaintiff, JASMINE FALCON, reasserts and reaffirms the allegations of Paragraphs 1 through 27 as if fully set forth herein and further states that this is an action against SEMPER LASER HOLDINGS LLC HALLANDALE for disparate treatment and disability discrimination

in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

28. The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

29. At all times material to this action, FALCON suffered from a chronic cysts condition and medical condition(s) which affected Plaintiff's ovaries, reproductive system, and/or vulva and which manifested physical problems during FALCON's employment with SEMPER LASER between approximately December 2019 and July 2020.

30. At all times material to this action, FALCON suffered from one or more "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of a chronic cysts condition and/or or other physiological disorders or conditions which affected (a) FALCON's ovaries, reproductive systems, and/or vulva; and (b) one or more of FALCON's major bodily functions, including but not necessarily limited to FALCON's reproductive functions.

31. At all times material to this action, FALCON was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to walking and sitting, as well as the operation of one or more of Plaintiff's major bodily functions including but not necessarily limited to the functioning of Plaintiff's ovaries, reproductive system, and/or vulva.

32. At all times material to this action, FALCON was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered physical

impairments because of her chronic cysts condition that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by SEMPER LASER as a person with such impairments.

33.     At all times material to this action, FALCON had to endure substantial limitations as a result of Plaintiff's chronic cysts condition and Plaintiff's related medical condition(s) within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because FALCON's condition substantially limited Plaintiff's ability to perform one or more major life activities—including but not necessarily limited to, walking, sitting, and reproducing—as compared to most people in the general population.

34.     At all times material to this action, FALCON was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because FALCON's chronic cysts condition and related medical condition(s) are an actual physical impairment that substantially limit one or more of FALCON's major life activities.

35.     In addition, at all times material to this action, FALCON was also "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because FALCON was regarded by SEMPER LASER as having a physical impairment that substantially limited one or more of her major life activities as a result of FALCON's chronic cysts condition and related medical condition(s).

36.     At all times material to this action, FALCON was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Store Manager for SEMPER LASER between approximately December 2019 and July 2020 with or without reasonable accommodation by Defendant.

37.     At all times material to this action, FALCON was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because FALCON possessed the requisite skill and experience to carry out her duties as a Store Manager for SEMPER LASER between approximately December 2019 and July 2020, and FALCON likewise was capable of performing the essential functions of her job despite FALCON's disability, with or without reasonable accommodation(s) by SEMPER LASER.

38.     Further, FALCON was also qualified for her job with as a Store Manager with SEMPER LASER between approximately December 2019 and July 2020 within the meaning of the ADA and ADAAA, 42 U.S.C. §12111(8) & (9), even in the face of the impact of FALCON's chronic cysts condition and related medical condition(s) because SEMPER LASER could have and should have provided FALCON with reasonable accommodation(s) including but not limited to time off and/or modified work schedule(s) because of Plaintiff's chronic cysts condition.

39.     SEMPER LASER unlawfully terminated FALCON's employment in July 2020 because of FALCON's actual and/or perceived disability, in violation of 42 U.S.C. §12112(a).

40.     The reasons proffered by SEMPER LASER in July 2020 for terminating FALCON's employment were false and a pretext for discrimination against FALCON because of her disability in violation of 42 U.S.C. §12112(a).

41.     SEMPER LASER knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against FALCON because of her disability so as to discourage, dissuade and/or otherwise dishearten FALCON.

42.     FALCON's actual and/or perceived disability was a motivating factor in SEMPER LASER's decision to terminate FALCON's employment in July 2020, in violation of 42 U.S.C. §12112.

43.     SEMPER LASER's violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to FALCON's rights guaranteed under the laws of the United States.

44.     FALCON has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of SEMPER LASER's violations of the ADA and ADAAA.

45.     FALCON has retained the undersigned counsel to represent her in this action and pursuant to 42 U.S.C. §12205, FALCON is entitled to recover all reasonable attorneys' fees and costs from SEMPER LASER.

WHEREFORE, Plaintiff, JASMINE FALCON demands judgment against Defendant, SEMPER LASER HOLDINGS LLC HALLANDALE, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT II
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff, JASMINE FALCON, reasserts and reaffirms the allegations of Paragraphs 1 through 27 as if fully set forth herein and further states that this is an action against SEMPER LASER HOLDINGS LLC HALLANDALE for Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553.

46.     The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a), provides that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a

charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter."

47.     Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall "be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

48.     At all times material to this action, FALCON was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered one or more physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by SEMPER LASER as a person with such impairments—all as a result of FALCON's chronic cysts condition.

49.     FALCON was at all times material to this action a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job as a Store Manager for SEMPER LASER between approximately December 2019 and July 2020 with or without reasonable accommodation.

50.     FALCON engaged in statutorily protected activity under the ADA and ADAAA on multiple occasions between approximately February 2020 and July 2020 by, *inter alia*, FALCON exercising or attempting to exercise or enjoy her rights under the ADA, including but not limited to: (a) attending doctor's appointments and receiving medical treatment for Plaintiff's chronic cysts condition; (b) Plaintiff requesting part of the day off work on or around February 14, 2020 as an accommodation for her disability; (c) Plaintiff seeking time off from work on July 3 and 4, 2020  as an accommodation for her disability; and (d) in July 2020, Plaintiff notifying SEMPER

LASER of the continued medical treatment she was receiving for her chronic cysts condition and and the surgery that FALCON might ultimately need because of her chronic cysts condition.

51.     SEMPER LASER subjected FALCON to unlawful retaliation in July 2020 when Defendant unlawfully terminated Plaintiff's employment because she exercised her rights under the ADA and ADAAA to attend doctor's appointments and seek medical treatment for Plaintiff's chronic cysts condition for an actual or perceived disability.

52.     SEMPER LASER's retaliatory action against FALCON constitute a violation of the ADA and ADAAA, which prohibits employers from discriminating against an individual because she has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a), and also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under the ADA/ADAAA on account of her having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

53.     The fact that FALCON engaged in activity protected by the ADA was a motivating factor in SEMPER LASER's termination of Plaintiff's employment in July 2020, in violation of 42 U.S.C. §12203.

54.     The reasons proffered by SEMPER LASER in July 2020 for terminating FALCON's employment were a pretext for unlawful retaliation against FALCON in violation of 42 U.S.C. §12203.

55.     As a direct and proximate result of SEMPER LASER's unlawful retaliation against FALCON in violation of the ADA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

56.     SEMPER LASER's retaliatory action against FALCON in violation of the ADA have caused Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57.     SEMPER LASER's retaliatory action against FALCON was undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, Plaintiff's federally protected rights under the ADA, as a result of which Plaintiff is entitled to punitive damages from SEMPER LASER.

58.     Pursuant to 42 U.S.C. §12205, FALCON is entitled to recover all reasonable attorneys' fees and costs from SEMPER LASER as a result of Defendant's violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff, JASMINE FALCON demands judgment against Defendant, SEMPER LASER HOLDINGS LLC HALLANDALE, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

JASMINE FALCON demands trial by jury on all issues so triable.

Dated:  September 27, 2021                    Respectfully submitted,

                                    By:     **s/KEITH M. STERN**
                                            Keith M. Stern, Esquire
                                            Florida Bar No. 321000
                                            E-mail:  employlaw@keithstern.com
                                            LAW OFFICE OF KEITH M. STERN, P.A.
                                            80 S.W. 8th Street, Suite 2000
                                            Miami, Florida 33130
                                            Telephone:  (305) 901-1379
                                            Facsimile:  (561) 288-9031
                                            Attorneys for Plaintiff

# EXHIBIT A



# METROMIAMI
## OB GYN ASSOCIATES

(305) 653-4105
100 NW 170 Street, Suite 304
North Miami Beach, FL 33169-5511

Date: 7-6-2020

To: Whom it may concern

Attn:_____

Re: JASMINE FALCON

This is to verify that the above named patient is/was under my ( ) OBSTETRICAL
( XXXX ) GYNECOLOGICAL care. The following [X] applies:

[ XXXX ] The patient was seen in the office : 07/06/2020

[ ] The patient is approximately _____ weeks pregnant and her EDC : _____

[ ] The patient is able to **work or attend classes with restrictions:** _____

[ ] The patient will be able to **return to work or school on**: _____

[ XXXX ] The patient was not able to report to work from: 07/04/2020

[ ] The patient has had her [ ] Post-Partum [ ] Post-Operative examination

[ ] The patient is scheduled to have surgery _____

[ ] The patient may have dental treatment including one X-Ray with use of a lead apron for protection.
Novacaine for local anesthetic, and Penicillin/Ampicillin as an antibiotic if there is no history of allergies.

For more information, please contact our office at the number listed above.


Sincerely,


ATA ATOGHO MD


**Electronically Signed By: ATA ATOGHO MD**

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  <br>☒ EEOC | 510-2021-02406 |

| FLORIDA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MRS. JASMINE FALCON** | ██████████ | |

| Street Address | City, State and ZIP Code |
|---|---|
| ██████████████████ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **SEMPER LASER** | **15 - 100** | **(954) 520-7627** |

| Street Address | City, State and ZIP Code |
|---|---|
| **801 N FEDERAL HWY, HALLANDALE BEACH, FL 33009** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **02-14-2020** | **07-07-2020** |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I believe that I was subjected to discriminatory practices because of my disability.**

**I was hired on December 1, 2019 as a Store Manager.  On February 14, 2020, after speaking with my supervisor, I left work early due to a medical emergency.  Specifically, Joselyn Sarduy, Supervisor gave me permission via phone to leave work early to visit my gynecologist. It should be noted that I returned to work immediately after my medical appointment.  The owners and my boss were aware of my cystic medical condition. Approximately five (5) months later, on July 3, 2020, I began to experience an indescribable pain. I had asked one of the owners, Stella  LNU via text for some medical advice in regards to my cyst (based upon her experience as a doctor in Brazil). Unfortunately, she only recommended seeing my primary care doctor. Later that day, I notified Ms. Sarduy, and Stella, that I was in intense pain and needed to leave work early because of my cyst.  I also advised them that I would return to work on July 7, 2020 after visiting my doctor.  On July 6, 2020, I texted Marcos LNU, owner notifying him that I had a doctors slip excusing my**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| **Digitally signed by Jasmine Falcon on 04-21-2021 05:01 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2021-02406 |

| FLORIDA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

absence and that the doctor recommended surgery for my cysts. On July 7, 2020, I returned to work and gave Marcos my doctors slip. In response,  my employer terminated me after being notified of my surgical needs.   I was astonished because I had no attendance or performance issues.

I believe that I was discharged due to my disability, in violation of Title I of the Americans with Disabilities Act, as amended (2008), ADAAA.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Jasmine Falcon on 04-21-2021 05:01 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT C

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: **Jasmine Falcon** | From: | **Miami District Office** |
|---|---|---|
| ▉▉▉▉▉▉▉▉ | | **Miami Tower, 100 S E 2nd Street** |
| | | **Suite 1500** |
| | | **Miami, FL 33131** |

| ☐ | *On behalf of person(s) aggrieved whose identity is* <br> *CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Latasha Nelson,** | |
| **510-2021-02406** | **Investigator** | **(786) 648-5841** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jacqueline Gabriel for*

08/13/2021

Enclosures(s)

**Paul Valenti**

**District Director**

*(Date Issued)*

cc:  **Respondent's Representative**

**Marcos Peixoto**
**Director**
**Semper Laser Holdings LLC Hallandale**
**801 N FEDERAL HWY, STE 216**
**Hallandale Beach, FL 33009**

Enclosure with EEOC
Form 161-B (11/2020)

## Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**Private Suit Rights   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**Private Suit Rights   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**Attorney Representation   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**Attorney Referral and EEOC Assistance   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**    The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:    Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at    http://www.eeoc.gov/laws/types/disability_regulations.cfm

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix,       and       other       ADA       related       publications,       available       at <u>http://www.eeoc.gov/laws/types/disability_regulations.cfm</u>.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at <u>http://www.eeoc.gov/laws/types/disability_regulations.cfm</u>.